IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

**SKYLAR MARTI SCHNIPPEL,**

  Petitioner,

v.              CIVIL ACTION NO.: 3:22-CV-115
                (GROH)

**FREDERICK ENTZEL JR.,**
Warden, FCI Hazelton,
  Respondent.

*FILED AUG 18 2022 U.S. DISTRICT COURT-WVND MARTINSBURG, WV 25401*

## SECOND CORRECTED MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

COMES Petitioner, SKYLAR MARTI SCHNIPPEL ("Schnippel"), appearing *pro se,* and pursuant to the Court's Notice of Deficient Pleading And Intent to Strike Pleading dated August 2, 2022 and the Local Rules of Prisoner Litigation Procedure files his Corrected Memorandum of Law in Support of Application for Writ of Habeas Corpus Under 28 U.S.C. § 2241, would show as follows:

### STATEMENT OF JURISDICTION

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 2241. A federal prisoner may attack the validity of his sentence in a § 2241 petition if he can meet the requirements of § 2255(e)'s savings clause. In *United States v. Wheeler,* 886 F.3d 415 (4th Cir. 2018), the Fourth Circuit concluded that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive

motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. See *Wheeler,* 886 F.3d at 429.

## STATEMENT OF THE GROUND FOR REVIEW

A.  Whether In Light of *Burrage v. United States*, 134 S. Ct. 881 (2014), the District Court Erred in Sentencing Schnippel Under the Death Caused Enhancement Pursuant to U.S.S.G. § 2D1.1(a)(2).

## DISCUSSION

As a preliminary matter, Schnippel respectfully requests that this Court be mindful that *pro se* pleadings are to be construed liberally. See *United States v. Wilson*, 699 F.3d 789 (4th Cir. 2012); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (same).

A.  **In Light of *Burrage v. United States*, 134 S. Ct. 881 (2014), the District Court Erred in Sentencing Schnippel Under the Death Caused Enhancement Pursuant to U.S.S.G. § 2D1.1(a)(2).**

In this case, Schnippel asserts factual innocence of his sentence enhancement in light of *Burrage*. Schnippel's sentence was driven by his sentencing enhancement under § 2D1.1(a)(2). In order for Schnippel to proceed under 28 U.S.C. § 2241, he must show that his remedy under § 2255 is inadequate or ineffective under the four conditions listed in *Wheeler* above.

In his § 2255 Motion, Schnippel's argued against the death caused enhancement pursuant to U.S.S.G. § 2D1.1(a)(2) under *Burrage*. The United States District Court for the Eastern District of Virginia, Alexandria Division, in Criminal No. 1:09-cr-00072-LMB-1 ruled against his claim and dismissed his motion with prejudice. Since that time, the Fourth Circuit has held that *Burrage*'s interpretation does, in fact, apply to the "death results" provision of the Sentencing Guidelines. As such, under *Wheeler*, Schnippel easily meets the four-part test for relief under 28 U.S.C. § 2241.

At issue in *Burrage* was the meaning of "death or serious bodily injury results." The Court held that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." *Burrage*, 134 S. Ct. at 892. That holding "narrow[s] the scope of a criminal statute," *Schriro*, 542 U.S. at 351, because but-for causation is a stricter requirement than are some alternative interpretations of "results."

Here, Schnippel's sentence was driven by his sentencing enhancement under U.S.S.G. § 2D1.1(a)(2). This enhancement increased his sentence. As such, because he is actually innocent of said enhancement, he should be resentenced to a significantly less harsh sentence.

In *Burrage v. United States*, 134 S. Ct. 881 (2014), Marcus Andrew Burrage, the defendant was convicted after a jury trial of heroin distribution with death resulting, and was sentenced to the mandatory minimum 20 years. The deceased heroin customer, Joshua Banka, was a "long-time drug user," who "died . . . following an extended drug binge." 134 S.Ct. at 885. During Banka's last 24 hours alive, he consumed multiple drugs, including heroin from the defendant. At trial, two medical experts testified about the drugs found in Banka. A forensic toxicologist determined that, at the time of his death, Banka had in his system heroin metabolites, codeine, alprazolam (Xanax), clonazepam metabolites and oxycodone. Only heroin metabolites were present at levels greater than therapeutic ranges. Nonetheless, while the toxicologist opined that the heroin contributed to Banka's death, he could not say whether Banka would have lived had he not taken heroin. Similarly, the medical examiner described the cause of Banka's death as "mixed drug intoxication" with heroin, oxycodone, alprazolam and clonazepam all playing "a contributing role." Like the toxicologist, the medical

examiner could not state that Banka would have lived had he not used the heroin, and testified that the cause of death was "mixed drug intoxication." 134 S.Ct. at 885-86. The Supreme Court answered one question concerning the application and interpretation of 21 U.S.C. § 841: "whether the defendant maybe convicted under the death results' provision when the use of the controlled substance was a 'contributing cause' of the death[.]" *Burrage*, 134 S. Ct. at 886. The Court answered in the negative, holding that "a defendant cannot be liable under . . . 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death . . . ." *Id.* at 892.

See *Young v. Antonelli*, 982 F.3d 914 (4th Cir. 2020). In *Young,* the question before the Court was whether the petitioner ("Young") was entitled to habeas relief under 28 U.S.C. § 2241. Young sought relief from his sentence—which was enhanced based on the "death results" provision of the United States Sentencing Guidelines ("Sentencing Guidelines")—based on the Supreme Court's decision in *Burrage*. Although *Burrage* interpreted the "death results" provision of 21 U.S.C. § 841(b)(1), Young contends the decision applies as well to the "death results" Sentencing Guidelines provision at U.S.S.G. § 2D1.1(a)(1). Accordingly, he argued that he met the four-part test for relief under § 2241 in *Wheeler*. The district court determined it lacked jurisdiction over Young's petition, concluding that because *Burrage* had not previously been applied to the Sentencing Guidelines, Young's invocation of *Burrage* was premature. The Fourth Circuit agreed with the district court's analysis. At the time of its decision, neither the Supreme Court nor the Fourth Circuit had applied *Burrage's* statutory interpretation to the Sentencing Guidelines. In *Young,* the Court concluded, however, that *Burrage*'s interpretation does, in fact, apply to the "death results" provision of the Sentencing Guidelines. Thus, the Court vacated and remanded for proceedings consistent with this opinion.

4

See also, *Santillana v. Upton*, 846 F.3d 779 (5th Cir. 2017). In *Santillana,* the Fifth Circuit reversed and remanded the Northern District of Texas' decision on *Santillana v. Upton*, (No. 15-10606) (5th Cir. Jan. 16, 2017), finding that Santillana had not satisfied the "savings clause" of 28 U.S.C. § 2255(e) because *Burrage* is not retroactively applicable on collateral review. Because *Burrage* applies retroactively. Santillana was convicted in 2009 of distributing a schedule II controlled substance (methadone) that resulted in the death of Brandon Moore, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On appeal, Santillana contended, inter alia, that there was insufficient evidence to show that Moore's death "result[ed]" from methadone within the meaning of § 841(b)(1)(C). Santillana conceded that all three medical witnesses, including his own expert, concluded that methadone was at least a contributing cause of death. He maintained, however, that the plain meaning of "results" implies "a stronger degree of causation than mere contribution." He did not explain what that "stronger degree of causation" might be. The Fifth Circuit affirmed, explaining that even if Santillana were correct, "there was sufficient evidence for a reasonable jury to conclude that Moore's death resulted from his use of methadone under a heightened standard of causation." *Santillana*, 604 F.3d at 196-97. Thereafter, in *Burrage*, the Court "h[eld] that, at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." *Burrage*, 134 S. Ct. at 892. Santillana filed a habeas petition under § 2241, alleging that, under *Burrage's* interpretation of "results," he was actually innocent of his § 841(b)(1)(C) conviction. The district court dismissed for lack of jurisdiction because it concluded that, absent an explicit holding from the Supreme Court, it lacked the authority to determine whether *Burrage* was retroactively

5

applicable. It relied on *Tyler v. Cain*, 533 U.S. 656, 662-63 (2001), which held that for a prisoner to file a second or successive habeas petition based on a new rule of constitutional law, the Supreme Court must have held the rule to be retroactive to cases on collateral review. But the holding in *Tyler* depends on statutory language providing that the "new rule of constitutional law [be] made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2244(b)(2)(A) (emphasis added). In contrast, the retroactivity element of our savings-clause analysis is not tethered to a similar statutory limitation. Our precedent requires only that a § 2241 petition be based on a "retroactively applicable Supreme Court decision," without specifying that the Supreme Court must have made the determination of retroactivity.

In this case, Schnippel's trial transcript clearly shows that all parties, including the District Court, understood the essential element of "death results" to be broader than the independently sufficient "but-for" causation now prescribed by the Supreme Court in *Burrage*. See Doc. 200-1, Trial Transcript at 356 (noting that there were numerous other substances in the decedent's blood, but that "[i]f the heroin is the straw that breaks the camel's back, so to speak, that should be sufficient..."). Thus, the facts of Schippel's case no longer fall within the newly-established narrow interpretation of "death results" in 21 U.S.C. §841(b)(1)(C). Therefore, Schnippel should receive the same relief as *Burrage* because he can show he is actually innocent of this enhanced penalty.

In this case, Lannes died after injecting heroin provided by the defendant. In addition to heroin, the parties stipulated that the toxicologist would testify that the decedent's blood also contained Doxylaine, (indicative of an antihistamine or sleeping pill) Dextromethophan (Robitussin) and Buproprion (indicative of the antidepressant Wellburtrin). *Id.* at 366-67. Rather than calling the experts to testify on the effects of the various other substances, the parties stipulated to a series of

6

facts. It is also worthy to mention that Schnippel's counsel made stipulations with the government that Schnippel did not agree with or knew about. In fact, defense counsel stipulated to the toxicology report for Lannes and stipulated that she died from a heroin overdose. It is clear that none of the parties, including the Court, were concerned with establishing "but for" causation for the "death results" element. The term "but for" does not appear in the discussion of the resulting death, and even when the additional substances were raised by counsel, the Court stated, "[i]f the heroin is the straw that breaks the camel's back, so to speak, that should be sufficient...". *Id.* at 356. The stipulation states that the toxicologist would testify that the quantities of the three additional substances alone or in combination could not have caused the death. *Id.* However, the facts do not contain a stipulation, or any expert testimony, indicating that it was the heroin alone that caused the death.[1] In issuing its ruling, the Court did not make a finding that the heroin was an independently sufficient, "but-for" cause of death. This is a critical link necessary to establish the Section 841(b)(1)(C) causation element prescribed in *Burrage*. Without this evidence, like *Burrage*, Schnippel is innocent of the enhanced penalty. Therefore, his judgment should be vacated, set aside, or corrected.

Schnippel's sentence was enhanced based on an unfounded allegation and he was not afforded the opportunity to challenge the government's case-in-chief due to his counsel's

---

[1] In fact, a lay person's review of news articles shows that the combination of some of these drugs may make a substance more toxic than it otherwise would be alone. See http://www.dailymail.co.uk/news/article-1319865/Cheese-Heroin-cold-medicine-drug20-school-children-deaths-NY.html; http://www.drugabuse.gov/publications/drugfacts/cough-cold-medicine-abuse; http://www.mayoclinic.org/diseases-conditions/serotoninsyndrome/basics/definition/con-20028946; http://www.peoplespharmacy.com/2012/04/19/antidepressant-interactions-can-bedeadly/.

ineffectiveness by failing to provide him with the postmortem and forensic pathology reports and not challenging the application of the "death result" enhancement to his sentence. This is the same factual predicate for an uncertainty . . . same to the uncertainty as to the role of heroin in the *Burrage* victim's death that led the court to reverse.

Moreover, it was established at trial that the bags of heroin Schnippel got from Quick on March 4, 2008, were not the bags of heroin found in Lannes' room– corners of ziploc bags burnt to seal shut and there were plastic zip jewelry bags that were never fingerprint tested nor was Lannes' room treated as a crime scene.

The items in question in this case or predicate for uncertainty are: (1) similar in *Burrage*, the synergistic effect of drugs that Lannes may have had taken, combined with a sleeping pill, wellbutrin, and robitussin; (2) possible pre-existing health problem; and (3) the toxicology report and internal examination report were never produced for Schnippel to see or use in his defense.

It is noteworthy that Schnippel signed the stipulations solely based on his counsel's advise. Due to incorrect or lack of information provided by defense counsel, Schnippel was not able to review a complete autopsy result of the lab procedures which would have: (a) identified and quantified potential toxins; (b) include prescription medications and drugs of abuse; and (c) interpretations of the findings. And because Schnippel is not a toxicologist, chemist, or pathologist, he had no way of confirming whether or not Lannes died because of heroin alone. Therefore, he wasn't able to make an intelligent judgment. Instead, he wholly relied on his attorney's advice. Schnippel had no choice but to sign the stipulations of the government as advocated by his attorney.

In this case, Schnippel pled guilty to Count 4 and was found guilty on Counts 1-3, charging him with Conspiracy to Distribute, Possess with Intent to Distribute, and Distribution of Heroin, in

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Instead of using a Base Offense Level of 26 (based on the allegation in the Indictment that Schnippel's offense involved 500 grams or more of heroin), the PSR erroneously used 43 because allegedly the offense of conviction establishes that death or serious bodily injury resulted from the use of heroin, pursuant to U.S.S.G. § 2D1.1(a)(2).

As to the evidence in *Burrage*, where the medical expert testified that the victim's cause of death was "mixed drug intoxication" with heroin, oxycodone, alprazolam and clonazepam all playing "a contributing role." It was the latter uncertainty as to the role of heroin in the *Burrage* victim's death that led the Court to reverse. Same in Schnippel's case, as there are other contributing factors that was not discussed and examined in detail (as enumerated above).

Thus, the *Burrage* holding defined and narrowed what is required for a conviction of the aggravated crime of drug distribution resulting in death. Just as *Santos* defined the statutory term "proceeds", and *Cleveland* narrowed what constituted a "property interest", and *Bailey* narrowed and defined the term "use", *Burrage* defined and explained the application of the phrase "death results" to require but-for causation. See, e.g., *Davis v. United States*, 417 U.S. 333 (1974); *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), holding that substantive decisions presumptively apply retroactively on collateral review.

The above holdings concerned the reach of the various federal statutes they addressed. They all dealt with the substantive elements that the government must prove to convict, and all placed certain conduct outside the reach of the law. Thus, all, including *Burrage*, automatically apply retroactively on collateral review.

Absent the death caused enhancement, Schnippel's Total Offense Level would have been 30 (after a 2-level increase for obstruction of justice) in Criminal History Category I, which yields an

advisory guideline range of 97 to 121 months. Moreover, absent the death caused enhancement, his statutory mandatory sentence is up to 20 years. See Section 841(b)(1)(c). The increase in the calculation of his sentencing range based on the § 2D1.1(a)(2) enhancement, resulted in a harsher sentence and should be deemed a miscarriage of justice. The Petition thus facially satisfies the conditions to be considered in a § 2241 proceeding under *Wheeler* and the savings clause of § 2255(e).

## RELIEF REQUESTED

15. In light *Burrage*, Schnippel's sentence must be vacated for resentencing without the U.S.S.G. § 2D1.1(a)(2) enhancement.

Respectfully submitted,

Dated: August 16, 2022

SKYLAR MARTI SCHNIPPEL
REG. NO. 73209-083
FCI HAZELTON
FEDERAL CORR. INSTITUTION
P.O. BOX 5000
BRUCETON MILLS, WV 26525